CHAS. B. LEVY,

versus

LAWRENCE HERMAN

NO: 8421;

COURT OF APPEAL

PARISH OF ORLEANS

WILLIAM A. BELL, JUDGE:

November 27, 1922.

Nov 27-22

This is a suit to recover the sum of One Hundred and Forty-Eight Dollars and Seventeen Cents ($148.17) from defendant, who was formerly vendor of certain real estate upon which city taxes for year 1918 had never been paid. The amount claimed represents a sum total paid by plaintiff, the former vendee who subsequent to acquisition from the vendor, defendant herein, was compelled to redeem the said real estate sold at city tax sale for the delinquent taxes aforesaid.

There was judgment for plaintiff in the amount prayed for, and defendant has appealed.

For determination of the matter before us, the description and locality of the property is not important, no question of title thereto being involved. The only issue is liability vel non of defendant under the warranty clauses of the deed, by which he conveyed to plaintiff the property subsequently sold, or partly sold, by the City of New Orleans in satisfaction of delinquent taxes for the year 1918.

The evidence is conclusive that in the deeds of sale and re-sale involving the conveyance between the parties, coupled with usual clauses of warranty and subrogation, all taxes were declared and warranted by defendant to have been paid up to and inclusive of City taxes for the year 1919. All parties mentioned in the deeds believed this to be a fact. It was not disclosed to the contrary until after advertisement and sale by the City of New Orleans of a portion of the property to one B. J. Zahn, from whom plaintiff redeemed by payment of the amount now sued upon. It is specifically alleged in the petition, not denied in the answer, and therefore to be taken as true, that plaintiff, being informed of the tax sale attempted without avail to have defendant redeem the property, and failing in this, that plaintiff was compelled to do so himself.

We find that through error of assessment appearing on the City's assessment rolls for the year 1917, property

owned by defendant and sold by him in that same year to other parties than plaintiff; was allowed to remain in defendant's name while the property which defendant had not sold to anyone until he sold to plaintiff in 1919, was assessed to those parties to whom he had sold in 1917. The result of this error on the part of the assessment officials, was that in the year 1918 when plaintiff paid City taxes for that year, he was given receipt and credit for payment of City taxes of 1918 on property which he had previously sold in 1917. Failing, as he admits, to carefully read and examine the receipt given for 1918 taxes, he remained in the complacent, but erroneous, belief that he had paid all taxes on the property finally conveyed to plaintiff in 1919, and subsequently sold by the City for the delinquent taxes of 1918.

It is not an issue before us, nor are we concerned with determining by whose fault the error arose resulting in the ultimate tax sale which undoubtedly clouded plaintiff's title to property bought in good faith and under all precautions which the law could reasonably impose upon a purchaser of real estate.

The invalidity of the tax sale under which Zahn acquired and from whom the plaintiff redeemed, is pleaded by defendant, as the sole defense to this suit. He has alleged and attempted to prove the erroneous assessment above referred to, as well as failure on the part of the tax authorities to serve notice of delinquency on either parties to this suit. It is argued, that because of these irregularities, the tax sale is striken with nullity and relieves defendant of any liability to plaintiff or others arising from the tax sale or redemption. Such a defense is a collateral one, not pertinent to the issues arising from this case, and cannot be pleaded as a valid defense against the cause of action which has arisen.

As aforestated, the warranty clauses in the deeds of sale by which defendant conveyed to the plaintiff herein, and the subrogations given in favor of all of plaintiff's transferees against any defects in the title to property conveyed,

and particularly against any encumbrances which might have existed at the time of the conveyance, assures to the plaintiff herein a right and cause of action in seeking such relief against defendant as will hold him harmless from any liability for taxes or other encumbrances which arose prior to, or at the time of the deeds of sale.

We find from the evidence in this case that the necessity for a redemption of the property as made by plaintiff arose through no fault of his, and that defendant, under his warranties, is bound to place him in that position in which he would have been at the time of the conveyance. We also find as a necessary conclusion from the pleadings of this case, that defendant has made a record admission to the effect that he was given opportunity to avoid the necessity of plaintiff's bringing this suit, and that he himself could have redeemed the property and fulfilled the warranties undertaken by him. Even though the error from which this litigation has arisen is that of a third party, not made a litigant in the proceedings, it is no defense to him whose duty is to comply with his warranty, to plead the fault of said third party as a defense to his liability.

Whatever the defendant's remedies may be to recoup the losses growing out of the erroneous assessment and subsequent tax sale and redemption, defendant cannot collaterally plead the fault of others, or of his own, as a defense against the liability for which he alone is primarily indebted to one who has suffered because of the error not chargeable against the plaintiff.

For these reasons, we are of the opinion that the judgment appealed from is correct.

It is therefore ordered, adjudged and decreed, that the judgment herein appealed from be, and the same hereby is, affirmed, at defendant's cost in both courts.

JUDGMENT AFFIRMED.

November 27. 1922.